# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DIANA DUNTON PETERSON and RAMIRO AGUIRRE DELGADO, personally and on behalf of all those similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**UNITED AUTOMOBILE INSURANCE COMAPNY,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-CV-00335-CW-PMW<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court are Plaintiffs Diana Dunton Peterson and Ramiro Aguirre Delgado's ("Plaintiffs") motions to compel Defendant United Automobile Insurance Company ("UAIC") to (1) respond to Plaintiffs' first set of interrogatories;[1] (2) produce documents in response to Plaintiffs' request for production of documents;[2] (3) comply with Plaintiffs' Rule 30(b)(6) deposition notice;[3] and (4) provide appropriate responses to Plaintiffs' second set of interrogatories and second set of requests for production of documents, or alternatively find

---

[1] Docket no. 52.

[2] *Id.*

[3] *Id.*

jurisdictional requirements for class certification be deemed established.[4]  Plaintiffs also seek sanctions under rule 37(a)(5)(A).[5]

Plaintiffs brought a motion for class certification.[6]  Judge Waddoups denied the motion without prejudice "for the reasons stated on the record," but "grant[ed] Plaintiffs leave to conduct discovery to determine whether it can meet the jurisdictional requirements for a class action."[7] Neither Judge Waddoups' order nor his discussion at the hearing restricts the scope of discovery that Plaintiffs may conduct to determine whether Plaintiffs can meet class action jurisdictional requirements.  During the certification motion hearing, Plaintiffs' counsel discussed Plaintiffs' intention to conduct depositions as part of jurisdictional discovery.

Plaintiffs' interrogatories and requests for production of documents border on overbreadth, but are still sufficiently related to the jurisdictional issues of the case.  In turn, Defendant's responses and objections are evasive and border on frivolous.  In particular, Defendant's contention that Plaintiff must rely solely on Defendant's summary without disclosing the information or documents relied upon by Defendant is unavailing.

This court has zero tolerance for the game playing that has become the hallmark of the discovery process.  Both parties are hereby put on notice that this court will not tolerate overreaching by Plaintiffs or evasion by Defendant.  The parties are strongly encouraged to

---

[4] Docket no. 59.

[5] Docket no. 52.

[6] Docket no. 28.

[7] Docket no.50.

cooperate to minimize the burden of discovery, while permitting Plaintiffs to obtain the necessary information to assess whether the jurisdictional requirements are met.

Accordingly, Plaintiff's motions are **GRANTED**.  Within twenty-one (21) days of the date of this order, Defendant shall serve complete responses to Plaintiffs' sets of interrogatories and requests for production of documents and produce responsive documents.  Within fourteen (14) days of the date of this order, counsel for the parties shall confer and set a date for the 30(b)(6) deposition.  If the parties are unable to determine a mutually agreeable date, counsel shall notify the court, and the court will set a date.

Plaintiffs's request for sanctions is **DENIED**.

**IT IS SO ORDERED**.

DATED this 29th day of September, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge